UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| INNOMARK COMMUNICATIONS LLC | : | Case No. 1:16-cv-1057-TSB |
| Plaintiff, | : | (Judge Timothy S. Black) |
| v. | : | |
| MARK N. MARTH | : | **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| Defendant. | : | |

WHEREAS, the Court recognizes the legitimate interests of the parties (and subpoenaed non-parties) in the above-captioned action in the confidentiality and security of certain business and proprietary information, including electronically stored information. Therefore, the Court finds that good cause exists for the granting of a protective order to govern the exchange of information between Plaintiff Innomark Communications LLC and Defendant Mark N. Marth (collectively referred to as the "Parties"), and between the Parties and subpoenaed non-parties, during discovery.

IT IS HEREBY ORDERED as follows:

1. This Protective Order (the "Order") governs all documents and information, including electronically stored information, produced at any time during the pendency of this action, including any documents and information produced prior to the entry of this Order, by any party or any non-party, which is subject to a subpoena for oral examination or subpoena *duces tecum*, or called to testify in this matter at trial; all copies of or information contained in any such documents; responses to Interrogatories, Response to Requests for Documents and/or or Requests for Admissions or other discovery; and all other information produced or provided in this action by the parties,

including without limitation during depositions, hearings and/or any other type of trial testimony (collectively referred to as "Litigation Material").

2. Litigation Material shall be used solely for the purpose of preparing for, or conducting the trial of this action (including appeals or retrials), or settling this action, and shall not be disclosed or used for any other purpose, including business, governmental, commercial, administrative or judicial proceedings, except as otherwise required by law.

3. Any person producing Litigation Material may designate as "Confidential" or "Attorney's Eyes Only" any Litigation Material, or portions thereof, which the producing party reasonably believes in good faith to be consistent with the following definitions. The designation "Confidential" shall be utilized for Litigation Materials containing non-public, sensitive commercial, financial or proprietary business information or personal information. The designation "Attorney's Eyes Only" shall be limited to Litigation Materials containing trade secrets, non-public proprietary information, such as pricing, source, or object coding; or other highly-sensitive commercial information, which, if revealed to the receiving party, could be seriously damaging to the producing entity or could put the producing entity at a competitive disadvantage.

4. With respect to hard copy information, a party, non-party, or its counsel, may designate as Confidential or Attorney's Eyes Only any documents, or portion or portions thereof, by stamping the word "Confidential" (or a phrase to that effect, such as "Confidential: Subject to Protective Order") or "Attorney's Eyes Only" on every such page at or prior to the time of production. In the alternative, information may also be designated as confidential by sending written notice to counsel for all other parties

17746931.1

specifically designating the material is to be treated as confidential at or prior to the time the material is produced.

5. To the extent electronically stored information ("ESI") is produced, whether in native format, i.e., the software format in which the document or information was originally created and stored on the producing entity's storage media or produced in image file format, i.e., portable data file ("PDF") or tagged image file format ("TIFF"), a party, non-party, or its counsel, may designate as Confidential or Attorney's Eyes Only any native ESI by segregating such files or images on a separate disk, with each file or image on the disk having a unique name or number identifier, and labeling the entire disk with the word "Confidential" (or a phrase to that effect, such as "Confidential ESI Files: Subject to Protective Order") or "Attorney's Eyes Only" at or prior to the time of production. In the alternative, such information may be been designated as Confidential or Attorney's Eyes Only by sending written notice to counsel for all other parties specifically designating the material to be treated as confidential at or prior to the time the material is produced.

6. A party, non-party, or its counsel, may designate as Confidential or Attorney's Eyes Only any deposition or other testimony by so stating on the record on the day the testimony is given or by sending written notice to counsel for all other parties designating, by page and line, the portion of any transcript or transcripts to be treated as Confidential or Attorney's Eyes Only within 20 days of receipt of the applicable transcript by the witness.

7. A party, non-party, or its counsel, may designate as Confidential or Attorney's Eyes Only any other Litigation Material not encompassed within Paragraphs 3 through 6 above in the same manner as described in these paragraphs or by sending

written notice to counsel for all other parties specifically designating the material to be treated as confidential at or prior to the time the material is produced.

      8.    All Litigation Material designated or stamped as Confidential, any copies thereof, and the information contained therein, shall not be given, shown, made available to, or communicated in any way to anyone, except those persons listed below, unless ordered by the Court or done with the prior written consent of the producing party's counsel.  All Confidential Material shall be maintained in confidence by counsel of record for the party to whom such Litigation Material is produced or given and shall not be disclosed to any other person except:

    a. the Court (including clerks and other court personnel);

    b. the Parties, including their members, officers, and senior management employees;

    c. counsel of record in this action and the action pending in California, including counsel's legal and clerical assistants and staff;

    d. court reporters who transcribe deposition or other testimony in this action;

    e. consultants or expert witnesses retained by a party for the purpose of preparing for, conducting or settling this action, who will utilize any Confidential Material disclosed solely to assist in preparing for, conducting or settling this action; and

    f. any witness, but only to the extent that such witness' testimony involves the matters governed by, subsumed within, or otherwise affected by information or documents designated as Confidential Material.

9. All Litigation Material designated or stamped as Attorney's Eyes Only shall be maintained in confidence by counsel of record for each Receiving Party and shall only be disclosed to the following persons:

   a. the counsel of record representing a Party in this action and their paralegals, clerical, and secretarial staff;

   b. independent expert witnesses, who are not presently employees, officers, shareholders, directors, members, partners, limited partners or similarly affiliated with a Party in this action; provided, however, that this provision shall not prohibit any party from seeking an Order from the Court preventing certain experts access to "Attorney's Eyes Only" information and documentation for good cause shown;

   c. court reporters; and

   d. the Court and its support personnel, pursuant to the provisions set forth herein or as otherwise ordered by the Court.

10. If the producing entity agrees in writing, the parties may include additional persons or categories of persons, beyond those listed in paragraphs 8 and 9, to whom Litigation Material designated as either Confidential or Attorney's Eyes Only may be given, shown, made available or communicated. Absent the agreement of the producing entity, each party reserves the right to move the Court for good cause shown to seek to include additional persons or categories of persons, beyond those listed in paragraphs 8 and 9, to whom Litigation Material designated as either Confidential or Attorney's Eyes Only may be given, shown, made available or communicated.

11. Nothing herein shall restrict the persons identified in paragraphs 8 or 9 from making working copies for use in their offices or for use during examination of

17746931.1

witnesses, which working copy shall be automatically designated as either Confidential or Attorney's Eyes Only, to match the designation of the document from which it was made.

12.     Any person identified in paragraphs 8(e) or (f) or 9(b) above who is given access to Litigation Material designated either Confidential or Attorney's Eyes Only shall, prior thereto, be given a copy of this Order and shall acknowledge receipt thereof, and consent to be bound thereby and subject to sanctions of this Court, by signing a written statement substantially in the form of Exhibit 1, attached hereto.

13.     SEALED DOCUMENTS:    No Confidential Material shall be filed with the Court unless leave is granted to file it under seal, pursuant to Local Rule 5.2.1.

14.     If Litigation Material designated as Confidential or Attorney's Eyes Only is sought to be used or introduced at a hearing or trial of this action, counsel for the party seeking to use or introduce such Litigation Material shall so advise the Court and request that the Court take such steps as it deems appropriate to protect the confidentiality of the Litigation Material.

15.     Nothing in this Order shall prevent any party from disclosing its own Litigation Material, and any such disclosure shall not be deemed a waiver of any other party's rights or obligations under this Order.

16.     The inadvertent production of any "Confidential" or "Attorney's Eyes Only" Litigation Material during discovery in this action without the "Confidential" or "Attorney's Eyes Only" designation or the inadvertent production of any privileged or work-product protected Litigation Material shall be without prejudice to any subsequent claim that such material is "Confidential" or "Attorney's Eyes Only," or is privileged in any respect

or protected from discovery as work-product.  No Party shall be held to have waived any rights by any such inadvertent production.

17. No party waives the right to challenge another party's or non-party's designation of Litigation Material as Confidential or Attorney's Eyes Only.  Any party hereto that objects to another party's or non-party's designation of Litigation Material as Confidential or Attorney's Eyes Only shall first state its objection in writing to the producing entity.  The parties hereto agree to confer in good faith to resolve any dispute arising under this Order.  If the parties to the dispute are unable to resolve such dispute, any party to the dispute may move the Court to resolve the dispute upon notice in writing to counsel for all other parties to this action and upon such other notice as is provided by law or rule.

18. In the event any receiving party has possession, custody or control of any Litigation Material designated as Confidential or Attorney's Eyes Only that becomes the subject of a subpoena or demand for the production of such Litigation Material in another matter, that receiving party shall make all reasonable effort to notify counsel for the producing entity of such a subpoena or demand so as to permit counsel time to seek an appropriate order modifying or quashing the subpoena or demand.

19. This Order shall bind the parties and shall continue to be binding on the parties throughout and after the conclusion of this action, including any appeals or retrials.  This Court shall retain jurisdiction of this action for the purpose of enabling any party, person or other entity to apply for any order or relief as may be deemed necessary or appropriate to enforce this Order.  Upon termination of this action, each party shall return or destroy Litigation Materials designated as either Confidential or Attorney's Eyes Only, and any copies, summaries, or digests thereof within thirty (30)

17746931.1

days after the termination.  Nevertheless, one law firm for each party to this action may retain for a period not to exceed five years one complete set of all trial testimony and exhibits, all deposition transcripts and exhibits, and all pleadings and other papers filed with the Court.  Documents retained under the provisions of this paragraph shall be kept in a secure fashion.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

17746931.1

## EXHIBIT 1

I acknowledge my understanding that Confidential Material, as defined in the Stipulated Confidentiality and Protective Order entered in *Innomark Communications LLC v. Mark N. Marth*, is being provided to me pursuant to the terms and restrictions of that Order. My signature below constitutes an acknowledgement that I have read the Order and consent to be bound by it and subject to sanctions of this Court. I also understand and agree that I am subject to penalty for contempt of court for any violation of the terms of that Order.

Dated: _____

_____
Signature

_____
Printed Name

17746931.1