**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| INNOMARK COMMUNICATIONS, LLC, | : | Case No. 1:16cv01057 |
| Plaintiff, | : | Judge Timothy S. Black |
| v. | : | |
| MARK N. MARTH, | : | |
| Defendant. | : | |

_____

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
_____

Now comes the Defendant Mark N. Marth and hereby responds to the numbered allegations in the Plaintiff's Complaint as follows:

1) Defendant denies the allegations in this paragraph for lack of knowledge.

2) Defendant admits that Innomark's principal place of business is 420 Distribution Circle, Fairfield, Ohio.  Otherwise, denied for lack of knowledge.

3) Defendant admits that Innomark West, LLC was merged out of existence in 2015.  Otherwise, denied for lack of knowledge.

4) Defendant denies the allegations in this paragraph for lack of knowledge.

5) Defendant denies the allegations in this paragraph.

6) Defendant denies the allegations in this paragraph for lack of knowledge.

7) Defendant admits the allegations in this paragraph.

8) Defendant denies the allegations in this paragraph for lack of knowledge.

9) Defendant admits that he had access to information regarding Innomark's operations, clients, potential clients and pricing.  Otherwise, denied.

10) See Answer to Paragraph 3.  Otherwise, denied for lack of knowledge.

11) Defendant denies the allegations in this paragraph.

12) Defendant admits that he executed an Operating Agreement and that Exhibits A and B speak for themselves.  Otherwise, denied.

13) Defendant admits that Exhibit A speaks for itself.  Otherwise, denied.

14) Defendant admits the allegations in this paragraph.

15) Defendant admits that Exhibit A speaks for itself.  Otherwise, denied.

16) Defendant admits that Exhibit A speaks for itself.  Otherwise, denied.

17) Defendant admits that Exhibit A speaks for itself.  Otherwise, denied.

18) Defendant denies the allegations in this paragraph.

19) Defendant admits the allegations in this paragraph.

20) Defendant admits the allegations in this paragraph.

21) Defendant denies the allegations in this paragraph.

22) Defendant admits that he and Innomark communicated subsequent to his resignation regarding his employment activities.  Otherwise, denied.

23) Defendant denies the allegations in this paragraph.

24) Defendant admits the allegations in this paragraph.

25) Defendant denies the allegations in this paragraph.

26) Defendant denies the allegations in this paragraph.

27) Defendant admits that Exhibit A speaks for itself.  Otherwise, denied.

28) Defendant admits the allegations in this paragraph.

29) Defendant denies the allegations in this paragraph.

30) Defendant admits the allegations in this paragraph.

31) Defendant admits that Innomark filed a motion to dismiss on November 7, 2016 and that Exhibit C speaks for itself.  Otherwise, denied.

32) Defendant denies the allegations in this paragraph.

33) Defendant denies the allegations in this paragraph.

34) Defendant reasserts its responses to the preceding paragraphs as if fully restated herein.

35) Defendant denies the allegations in this paragraph.

36) Defendant denies the allegations in this paragraph.

37) Defendant denies the allegations in this paragraph.

38) Defendant denies the allegations in this paragraph.

39) Defendant denies the allegations in this paragraph.

40) Defendant denies the allegations in this paragraph.

41) Defendant denies the allegations in this paragraph.

42) Defendant denies the allegations in this paragraph.

43) Defendant denies the allegations in this paragraph.

44) Defendant denies the allegations in this paragraph.

45) Defendant denies the allegations in this paragraph.

46) Defendant denies the allegations in this paragraph.

47) Defendant denies the allegations in this paragraph.

48) Defendant denies the allegations in this paragraph.

Defendant denies that the Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

Defendant denies all allegations not specifically admitted herein.

## FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Plaintiff failed to mitigate its damages, if any.

## THIRD DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release and/or unclean hands.

## FOURTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, due to improper process and failure of service of process.

## FIFTH DEFENSE

Defendant reserves the right to assert such other defenses and affirmative defenses as may arise during the course of this litigation.

**WHEREFORE**, the Defendant Mark Marth, having fully answered the Plaintiff's Complaint, respectfully requests that this Court enter judgment in his favor as follows:

1.  Dismiss the Plaintiff's Complaint in its entirety, with prejudice;

2.  Order that Defendant be entitled to recover his costs, including reasonable attorneys' fees; and

3.  Grant such further relief in law and equity to which it may be entitled.

## JURY DEMAND

The Defendant hereby demands a trial by jury on the issues in this case pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Karen T. Dunlevey* .
Karen T. Dunlevey (0067056), Trial Attorney
Gretchen M. Treherne (0074376)
James M. Stone (0034691)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Karen.dunlevey@jacksonlewis.com
Gretchen.treherne@jacksonlewis.com
James.stone@jacksonlewis.com

*Counsel for Defendant Mark Marth*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2016, the foregoing was electronically filed with the Clerk of Courts, which will automatically send notification of such filing to the following attorneys of record:

Timothy G. Pepper
Valerie M. Talkers
*Counsel for Plaintiff Innomark Communications, LLC*

/s/ *Karen T. Dunlevey* .
Karen T. Dunlevey

4831-8024-0445, v. 1

5